# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Todd David Philbrook,

                Plaintiff,

vs.

Bret Hood,

                Defendants.

Case No. 2:26-cv-00693-MDC

**ORDER**

The Court has reviewed the parties' motions.

- The Court sets a **HEARING** on the defendant's *Motion to Dismiss the Amended Complaint* (ECF No. 14) at **10:00am on July 29, 2026 in a Courtroom 3C.**

- The Court **DENIES** the defendant's *Motion to Stay Discovery* (ECF No. 21). The Court sua sponte extends the deadline for the defendants to respond to any outstanding discovery requests by **July 14, 2026.**

- The Court **DENIES** as **MOOT** the (1) defendant's first filed *Motion to Dismiss the Complaint* (ECF No. 8), (2) the defendant's *Motion for a Protective Order* (ECF No. 22), (3) and the *Stipulation Regarding Discovery Dispute* (ECF No. 24).

## I.    MOTION TO STAY DISCOVERY

### a.  Legal Standard

Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D.

Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).

The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*

### b. Analysis

This is a civil rights case: plaintiff alleges that the sole defendant, Sergeant Bret Hood, violated his constitutional rights when he arrested plaintiff for violating a Temporary Restraining Order ("TRO") after plaintiff contacted his son, where plaintiff had not yet been served with the TRO. *ECF No. 10 at 3*. Plaintiff brings claims for unlawful seizure/false arrest per the Nevada Constitution and unlawful seizure/judicial deception per 42 U.S.C. § 1983 (Fourth Amendment). *Id.* at 5-7.

The defendant moves to stay all discovery until the Court resolves his pending motion to dismiss or, alternatively, for summary judgment. *ECF No. 21*. Defendant argues in his Motion to Dismiss that he has qualified immunity because probable cause existed to arrest plaintiff based on defendant's multi-step investigation (witness interviews, review of the TPO and messages, phone-number verification, and prosecutorial review); he further argues that any omissions regarding dispatch records was immaterial. *ECF No. 14*. Plaintiff argues that (1) the defense improperly relies on a declaration and exhibits not

incorporated by the amended complaint, and (2) that the Court should reject converting the motion to dismiss to a motion for summary judgment because he needs discovery to oppose it. *ECF Nos. 17 and 26.*

Reviewing the Motion to Stay Discovery in the light most favorable to the plaintiff, the Court finds that the plaintiff may be prejudiced by a stay of discovery because he needs discovery to oppose the alternative motion for summary judgment. Applying the pragmatic approach, the Court finds that the plaintiff requires discovery regarding the pending motion to dismiss and good cause does not support a stay in this case. The defendant will not be prejudiced if discovery commenced now because the Court has set a hearing on the Motion to Dismiss which will be decided in short course. The Court finds that staying discovery is not appropriate in this case.

## II.    DISCOVERY DISPUTES

The parties' discovery disputes, the Motion for a Protective Order and the Stipulation Regarding Discovery Dispute (ECF Nos. 22 and 24) both pertain to whether the defendant should have to respond to the plaintiff's discovery requests while his Motion to Stay Discovery is pending. Since the Court has resolved the Motion to Stay Discovery, it denies the discovery disputes as moot.

Accordingly,

**IT IS ORDERED** that:

1. The parties must appear for an <u>in-person hearing</u> on the defendant's *Motion to Dismiss the Amended Complaint* (ECF No. 14) at **10:00am on July 29, 2026 in a Courtroom 3C.**

2. The defendant's *Motion to Stay Discovery* (ECF No. 21) is **DENIED.**

3. The Court sua sponte extends the deadline for the defendants to respond to any outstanding discovery requests by **July 14, 2026.**

4. The first filed *Motion to Dismiss the Complaint* (ECF No. 8) is **DENIED** as **MOOT.**

5. The defendant's *Motion for a Protective Order* (ECF No. 22) is **DENIED as MOOT.**

6. The parties' *Stipulation Regarding Discovery Dispute* (ECF No. 24) is **DENIED as MOOT.**

Dated: June 30, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge